UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRADEWINNER LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>PAN-OCEANIC EYEWEAR, LTD.<br><br>Defendant | CASE NO. _____<br><br>**COMPLAINT** |

Plaintiff Tradewinner Limited ("Plaintiff" or "Tradewinner"), by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1. This is an action for breach of contract and account stated arising from Defendant Pan-Oceanic Eyewear, Ltd.'s ("Pan Oceanic") failure to pay $1,010,709.26 in past-due invoices for goods that Tradewinner supplied and delivered at Defendant's request.

2. Plaintiff Tradewinner is a leading international supplier of optical products like glasses and eyewear accessories. For the past several years, Tradewinner has supplied Defendant Pan-Oceanic with substantial sunglasses and other eyewear to sell in the United States. Founded in 1969, Pan Oceanic advertises itself as an "industry leader in licensed accessories, servicing over 30,000 point-of-sales and counting the largest global retailers and consumer brands as partners."[1] It also boasts "delivering awesome accessories into the hands of millions." *Id.*

---

[1] Pan Oceanic Group, About Us, *available at* www.panoceanicgroup.com/history (accessed December 5, 2025).

3. Despite repeated demands for payment, and despite Defendant's written acknowledgment of the debt and agreement to make payments toward the outstanding balance—including an August 6, 2025 email confirming a payment plan—Defendant has failed to pay any material portion of the overdue balance.

4. Tradewinner therefore brings this action to recover all amounts owed, plus interest and costs.

## PARTIES

5. Plaintiff Tradewinner Limited is a Taiwanese corporation located at 11F-1, No. 202, Sec. 2, Yen Ping North Road, Taipei 10348, Taiwan.

6. Defendant Pan Oceanic Eyewear Ltd. is a New York corporation with its principal place of business at 15 West 37th Street, New York, NY 10018.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different countries and the amount in controversy exceeds $75,000.

8. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this District and substantial events giving rise to the claims occurred here.

## FACTUAL ALLEGATIONS

I. <u>Orders and Deliveries</u>

9. For many years, Pan Oceanic placed numerous purchase orders with Tradewinner for eyewear and related products.

10. Tradewinner opened an account for Pan Oceanic and issued invoices each time that Pan Oceanic made an order.

11. In general, the parties confirmed the contents of each order via email. Upon confirmation of the shipping address and the terms, Tradewinner issued an invoice to Pan Oceanic. Each invoice provided for payment "within 60 days after shipment" or "within 90 days after shipment."

12. Beginning in late 2022 and early 2023, Pan Oceanic stopped paying its invoices in a timely manner.

13. Nevertheless, on each occasion in which Tradewinner shipped goods, Pan Oceanic accepted the goods without objection.

14. On December 1, 2023, Tradewinner wrote a letter to Pan Oceanic's Chief Executive Officer, Joseph Terzi informing him that Pan Oceanic had failed to pay $550,008.33 in outstanding invoices for various orders. While Pan Oceanic paid some outstanding invoices from 2022-2023, they continued to fail to pay others.

15. Pan Oceanic continued to submit purchase orders under its account for products throughout 2024 and Tradewinner continued to fill those orders by supplying products and issuing invoices under the same payment terms.

16. In November 2024, Pan Oceanic placed an order for products it described as "urgent." Tradewinner supplied the requested products under the condition that it receive $100,000 payment for unpaid fees. Nevertheless, Pan Oceanic refused to pay most of the outstanding invoices Tradewinner had issued.

17. In May of 2025, Pan Oceanic asked Tradewinner for a statement of their outstanding account "for the purpose of records reconciliation." In response, Tradewinner provided a list of outstanding invoices totaling $1,010,709.26. Pan Oceanic did not dispute any of the invoices.

II.     Written Acknowledgement and Payment Plan

18.     Defendant repeatedly acknowledged the delinquent balance.

19.     From June through August 2025, the parties discussed a payment plan pursuant to which Pan Oceanic would pay the full amount of its outstanding balances over time.

20.     In an August 6, 2025 email, Defendant's president, Joseph Terzi, agreed to begin repaying the debt, stating: "Yes we can do the $10k per month to save the fees."

21.     Despite this commitment, Defendant failed to make the promised payments.

22.     As of November 3, 2025, Tradewinner issued a receivables statement showing a total outstanding balance of $1,010,709.26, not including accrued interest.

III.    Continued Nonpayment

23.     Tradewinner issued repeated reminders of Pan Oceanic's outstanding balance.

24.     Defendant has refused to pay any of the overdue amounts.

25.     Defendant is liable for the full outstanding balance.

## COUNT I: BREACH OF CONTRACT

26.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

27.     Defendant and Plaintiff entered into valid and enforceable contracts whereby Defendant submitted purchase orders for goods, and Plaintiff agreed to supply, and deliver those goods in exchange for payment of the invoiced amounts.

28.     Plaintiff fully performed its obligations under the contracts by sourcing the products ordered, delivering them to Defendant, and issuing invoices reflecting the agreed-upon prices.

29.     Defendant accepted the goods without objection and retained the benefit of

Plaintiff's performance.

30. Under the parties' contracts, Defendant was obligated to pay each invoice in full within the payment terms stated therein.

31. Defendant breached the contract by failing to pay $1,010,709.26 required pursuant to those invoices.

32. Plaintiff has been damaged in at least that amount plus pre-judgment interest at the rate of 9% pursuant to CPLR 5001.

## COUNT II: ACCOUNT STATED

33. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

34. Plaintiff issued invoices and account statements to Defendant reflecting the amounts due to Plaintiff.

35. Defendant accepted each such statement of account as correct by failing to object to each such statement in a timely manner.

36. Defendant has agreed to pay such accounts so stated.

37. Defendant never objected and expressly acknowledged the balance.

38. Defendant is liable for the stated account and for interest on such account stated.

39. Defendant failed to pay $1,010,709.26 required pursuant to those invoices.

40. Plaintiff has been damaged in at least that amount plus pre-judgment interest at the rate of 9% pursuant to CPLR 5001.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court enter judgment in their favor and against Defendant as follows:

    A.    Damages of at least $1,010,709.26.

    B.    Pre-and post-judgment interest at the rate of 9% pursuant to CPLR 5001;

    C.    Costs and such other relief as the Court deems proper.

December 8, 2025                              Respectfully Submitted,

*/s/ Carter E. Greenbaum*

Carter E. Greenbaum
**GREENBAUM OLBRANTZ LLP**
255 5th Avenue, Suite C221
New York, New York 10019
Tel: 212-732-6837
Email: carter@greenbaumolbrantz.com